FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUN 24 2009   ★

LONG ISLAND OFFICE

## UNITES STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

————————————————————— X

Michelle McCleary

**Plaintiff**

-against-

Redline Recovery Services, LLC   (51)

**Defendant**

————————————————————— X

Docket No.

# CV - 09  2684

## BIANCO, J.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

# ORENSTEIN, M.

Plaintiff, by her attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. Defendant harassed and deceived the Plaintiff in an attempt to collect an alleged debt the Plaintiff did not owe.  Among other violations the Defendant threatened to freeze the Plaintiff's credit cards unless Plaintiff paid the debt allegedly owed by her son; and Defendant telephoned the Plaintiff's residence continuously and repeatedly with the intent to annoy and harass the Plaintiff.

2. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

3. The Defendant has been sued over 70 times in Federal Court under the FDCPA.

4.       According to 15 U.S.C. 1692:

(a)      There is abundant evidence of the use of abusive, deceptive, and unfair debt

collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b)    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d)    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C

Section 1337. Venue in this District is proper in that the Defendant transacts business here

and the conduct complained of occurred here.

## III. PARTIES

6. Plaintiff, Michelle McCleary, is a natural person residing in Suffolk County,

New York.  Plaintiff is a person as defined by the FDCPA.

7. Defendant Redline Recovery Services, LLC. (hereinafter "REDLINE") is a

Georgia Corporation and an active Foreign Business Corporation registered in New York.

Redline is engaged in the business of collecting debts in this state.   The principal purpose

of Defendant is the collection of debts using the mails and telephone, and Defendant

regularly attempts to collect debts alleged to be due another.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section

1692a(6).

## IV.  FACTUAL ALLEGATIONS

9. Plaintiff repeats paragraphs "1" through "8" as if fully restated herein.

10.  Plaintiff does not owe the Defendant any money. The Defendant does not owe

any money to any client of the Defendant.

11. The Defendant alleged that the Plaintiff's son owes the Plaintiff a debt.

12. In an attempt to collect the alleged debt, the Defendant telephoned the

Plaintiff's residence. The Plaintiff informed the Defendant that Plaintiff did not owe the

alleged debt and that the Plaintiff's son could not be contacted at the Plaintiff's telephone

number. Notwithstanding such notifications, the Defendants continued to telephone the

Plaintiff's residence.

13. The alleged debt defendant sought to collect from Plaintiff's son was incurred

for personal, family, or household services.

14. On or about May 27, 2009, Defendant again telephoned the Plaintiff's residence

and spoke with Plaintiff.  Defendant informed Plaintiff that if the Plaintiff did not pay her

son's alleged debt, that the Defendant intended to "freeze" the Plaintiff's credit cards.

15. The Defendant has harassed the Plaintiff.

16. The Defendant has attempted to deceive the Plaintiff.

## V. CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION

## PRACTICES ACT

17. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

18. Defendant's actions as described herein violated 15 U.S.C Section 1692e; 15 U.S.C Section 1692e(2); 15 U.S.C Section 1692e(3); 15 U.S.C Section 1692e(4); 15 U.S.C Section 1692e(5); 15 U.S.C Section 1692e(10); 15 U.S.C Section 1692e(11); 15 U.S.C Section 1692d; 15 U.S.C Section 1692d(5); 15 U.S.C. Section 1692d(6); 15 U.S.C. Section 1692b(1); 15 U.S.C. Section 1692b(2); 15 U.S.C. Section 1692b(3); and 15 U.S.C Section 1692c(b) .

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

1. A permanent injunction prohibiting Defendant from telephoning the Plaintiff at her residence;

2. A permanent injunction prohibiting the Defendants from making false threats against the Plaintiff.

3. Actual damages;

4. Statutory damages pursuant to the FDCPA;

5. Costs and reasonable attorney's fees pursuant to the FDCPA;

6. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

The Law Office of Joseph Mauro, LLC
Joseph Mauro (JM 8295)
306 McCall Ave.
West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that plaintiffs demand trial by jury in this action.

_____
Attorney for Plaintiff